UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN SIMPSON, #211493,

        Petitioner,

v.                                         Case Number: 08-CV-11165
                                              Honorable Anna Diggs Taylor

NICK LUDWICK,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT THEREBY
DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS,
(2) DENYING PETITIONER'S MOTION TO HOLD HABEAS IN ABEYANCE AND,
(3) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS***

**I. Introduction**

Petitioner Brian Simpson, a state inmate, currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. (Dkt. # 1.) Petitioner was convicted of one count of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520. He was originally charged with five counts of first-degree criminal sexual conduct relating to an incident where he, along with two others–Laron Sears and Valesa Lindsay–allegedly forced the complainant, Monique Windon, to perform various sexual acts on Michael Hutchinson, who was Petitioner's ten-year-old nephew. The sexual act performed on Hutchinson was the basis of the fifth count, of which the jury found Petitioner guilty on an aiding and abetting theory. Respondent has not filed an answer to Petitioner's petition but rather, Respondent has filed a "Motion for Summary Judgment"

[dkt. # 8], asking this Court to dismiss Petitioner's petition for writ of habeas corpus, as it was not timely filed under 28 U.S.C. § 2244(d)(1). Petitioner concedes that his petition is untimely but contends that equitable tolling should apply because he has demonstrated a credible showing of his actual innocence, on the basis of the affidavit and letter of Michael Hutchinson, the alleged victim in this case.

Additionally, Petitioner has filed a "Motion to Hold Habeas in Abeyance" [dkt. # 7], again alleging newly discovered evidence. This time, Petitioner has attached an affidavit of Monique Windon-Black, also known as Monique Windon, the complainant in this case, which he argues supports his claim of actual innocence, and which has not been properly exhausted in the state courts.

For the reasons stated below, the Court grants Respondent's "Motion for Summary Judgment" [dkt. # 8], thereby dismissing Petitioner's petition for writ of habeas corpus; Petitioner has failed to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). The Court will also deny Petitioner's "Motion to Hold Habeas in Abeyance." (Dkt. # 7.) The Court also declines to issue a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II. Facts and Procedural History

On June 12, 1990, following a jury trial in Wayne County, Michigan, Circuit Court, Petitioner was convicted of the above-stated charge, and for that conviction, he was sentenced to three-to-twenty-years imprisonment, which was a downward departure from the minimum sentencing guidelines of ten-to-twenty-five years.

Subsequently, Petitioner, through counsel, filed his appeal of right in the Michigan Court of Appeals. The People then filed a delayed application for leave to appeal, which the Michigan Court of Appeals granted. The two cases were consolidated. Following, the Michigan Court of Appeals issued an opinion affirming Petitioner's convictions but remanded the matter to the trial court for an articulation of reasons for the downward departure from the guidelines or for re-sentencing. *People v. Simpson*, Nos. 135495 & 137897 (Mich.Ct.App. Aug. 24, 1993). On September 10, 1993, the trial court stated reasons for its departure on the record.

Following, the People filed an appeal from that decision in the Michigan Court of Appeals, along with a motion for a peremptory reversal. On March 3, 1994, the Michigan Court of Appeals issued an order granting the People's motion, vacating Petitioner's sentence and remanding the case for re-sentencing before a different judge. *People v. Simpson*, No. 169145 (Mich.Ct.App. March 13, 1994). On May 12, 1994, the trial court re-sentenced Petitioner to eight-to-twenty-years imprisonment.

Petitioner then filed a claim of appeal from that decision but withdrew the appeal on November 28, 1994. *People v. Simpson*, No. 177194 (Mich.Ct.App. Nov. 28, 1994).

Then, two years later, in July 1996, Petitioner filed a motion for relief from judgment, pursuant to M.C.R. 6.500 *et. seq.*, alleging ineffective assistance of counsel, which the trial court denied on August 29, 1996. *People v. Simpson*, No. 90-001928-02 (Wayne County Circuit Court, Aug. 29, 1996). Petitioner subsequently filed two motions for a new trial– one in December 1997 and another in February 1998. Those motions were denied in May 1998. *People v. Simpson*, No. 90-001928-02 (Wayne County Circuit Court, May, 1998).

On June 9, 1998, Petitioner filed a second motion for relief from judgment, again alleging ineffective assistance of counsel. That motion was denied on August 19, 1998. *People v. Simpson*, No. 90-001928-02 (Wayne County Circuit Court, Aug. 19, 1996).

Then, one year later, on August 19, 1999, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, along with a motion to remand. The Michigan Court of Appeals dismissed the delayed application for failure to pursue the case in conformity with the appellate rules. *People v. Simpson*, No. 221631 (Mich.Ct.App. Nov. 2, 1999).

Subsequently, beginning in September 2003, Petitioner filed numerous motions with the trial court–motion to correct the pre-sentence investigation report, and later a motion for re-sentencing. The motions were denied in April 2005. *People v. Simpson*, No. 90-001928-02 (Wayne County Circuit Court, April, 2005).

Following, on June 29, 2005, Petitioner filed a third motion for relief from judgment, this time on the basis of newly discovered evidence, which included two affidavits–an affidavit from his nephew, Hutchinson, recanting his testimony and alleging that no sexual act was performed on him, and an affidavit from Petitioner himself. Then, on September 20, 2005, Petitioner filed another motion for re-sentencing, alleging a retroactive change in the law. On August 8, 2006, the trial court denied Petitioner's motion for re-sentencing. *People v. Simpson*, No. 90-001928-02 (Wayne County Circuit Court, Aug. 8, 2006). On February 27, 2007, the trial court denied Petitioner's third motion for relief from judgment. *People v. Simpson*, No. 90-001928-02 (Wayne County Circuit Court, Feb. 27, 2007).

Petitioner then filed a delayed application for leave to appeal that decision in the Michigan Court of Appeals, which was dismissed for lack of jurisdiction. *People v. Simpson*, No. 278921 (Mich.Ct.App. July 13, 2007). The state appellate court stated:

> The delayed application for leave to appeal, motion for peremptory reversal, and motion to appoint counsel are DISMISSED for lack of jurisdiction because the defendant cannot appeal the denial or rejection of a successive motion for relief from judgment. See MCR 6.502(G)(1). The issues raised by defendant do not involve a retroactive change in the law and the defendant cannot satisfy the four conditions required for newly discovered evidence. See MCR 6.502(G)(2). Because the defendant was sentenced under the discretionary judicial guidelines *Blakely v. Washington*, 542 US 296 (2004) does not apply. See *United States v. Booker*, 543 US 220 (2005). As for newly discovered evidence, in addition to what the trial court stated in the February 27, 2007 opinion, the defendant never demonstrated due diligence. Considering the fact that the victim was a nephew and defendant would have to claim that he knew at trial that the testimony of the nephew was untruthful, defendant's failure to take any action to get an affidavit from the nephew regarding the trial testimony for the several previous motions for relief from judgment shows a lack of due diligence on the part of the defendant.

*People v. Simpson*, No. 278921 (Mich.Ct.App. July 13, 2007).

Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court, which was denied "because the defendant's motion for relief from judgment is prohibited by MCR 6.502(G)." *People v. Simpson*, 480 Mich. 955, 742 N.W.2d 607 (2007).

Following, on March 18, 2008, Petitioner filed a petition for a writ of habeas corpus in this Court. Petitioner's petition was signed on February 28, 2008.

### III. Analysis

### A. Statute of Limitations

Respondent argues that Petitioner's petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

The statute of limitations runs from the latest of: a) the date on which the judgment became final, i.e., when time for seeking direct review has expired; b) the date on which any impediment to filing the application was removed by the state; c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; and d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Concerning § 2244(d)(1)(A) and a state court direct appeal, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward any period of limitation contained in the statute. A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is effective only when collateral review is properly sought within the limitations period. *Id.*

In the pending case, the Court finds that Petitioner did not file his petition for writ of habeas corpus within the statute of limitations. Because Petitioner's conviction became final before the effective date of the AEDPA, he had until April 24, 1997, in which to file his habeas petition with this Court, or instead, properly file an application for state post-conviction relief or other collateral review under 28 U.S.C. § 2244(d)(2), which would have tolled the one-year statute of limitations period.

Petitioner concedes that his habeas petition is untimely but nevertheless argues that equitable tolling should apply to his case because the issues raised in his petition raise a colorable claim of his actual innocence. In support of that claim, Petitioner has attached the affidavit of Hutchinson, his nephew, which he contends is newly discovered evidence and demonstrates his actual innocence. As a result of that affidavit, Petitioner contends that the statute of limitations should therefore begin to run on March 22, 2005, the date that Hutchinson signed the affidavit indicating that Monique Windon, the complainant in this case, never committed any sexual acts on him and that he never engaged in any sexual acts with Windon.

Petitioner appears to be relying on 28 U.S.C. § 2244(d)(1)(D) to support his proposition. However, the Court finds Petitioner's argument meritless.

## B. Due Diligence

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. The time commences when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See, e.g., Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

Additionally, the AEDPA's limitations period begins to run when the petitioner knows or through due diligence could have discovered the important facts for the claim, not when the petitioner recognizes the facts' legal significance. *Id.; see also Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000). Section 2244(d)(1)(D), which allows the one-year statute of limitations to run anew upon the discovery of new evidence, does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim. The United States Court of Appeals for the Sixth Circuit has noted that the AEDPA "does not convey a right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim." *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which involves the facts. *See Tate v. Pierson,* 177 F.Supp.2d 792, 800 (N.D. Ill. 2001) (citing *Flanagan,*154 F.3d at 198-99)). A habeas petitioner has the burden of persuading a federal court that he exercised due diligence in discovering the factual predicate of his habeas claims. *See Stokes v. Leonard,* 36 Fed.Appx. 801, 804 (6th Cir. 2002).

Under this provision, Petitioner claims that the statute of limitations should begin to run on March 22, 2005, when Hutchinson signed the affidavit indicating that Windon never committed any sexual acts on him and that he never engaged in any sexual acts with her. However, 28 U.S.C. § 2244(d)(1)(D) should not apply because the factual predicate for Petitioner's claim could have been discovered earlier with the exercise of due diligence. The Michigan Court of Appeals made a finding of fact in regard to Petitioner's due diligence. *See People v. Simpson*, No. 278921 (Mich.Ct.App. July 13, 2007).

The Michigan Court of Appeals findings of fact, under the AEDPA, are presumed to be correct upon habeas review. 28 U.S.C. § 2254(e)(1). "This statutory presumption of correctness extends to factual findings made by the state appellate courts on the basis of their review of the trial court records." *Hardaway v. Withrow*, 305 F.3d 558, 563 (6th Cir. 2002). Petitioner has failed to rebut that presumption with clear and convincing evidence and has failed to demonstrate that the factual predicate for his claim could not have been discovered earlier through the exercise of due diligence.

Nevertheless, Petitioner argues that, even if his petition for a writ of habeas corpus was untimely, he should be entitled to equitable tolling because the affidavit establishes a credible claim of his actual innocence.

### C. Equitable Tolling

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to

determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The *Dunlap* Court has cautioned, however, "that equitable tolling relief should only be granted sparingly." *Dunlap*, 250 F.3d at 1008. The decision whether to equitably toll a period of limitations is decided on a case-by-case basis. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

### D. Petitioner's Claim of Actual Innocence

Petitioner argues that he has made a credible showing of actual innocence, and equitable tolling should be applied to allow consideration of his constitutional claims.

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As the *Souter* Court explained, a petitioner, in order to support a claim of actual innocence in a collateral proceeding "must demonstrate that, in

light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Souter,* 395 F.3d at 602; *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing of his actual innocence.  Petitioner argues that the affidavit of Hutchinson demonstrates his actual innocence.  As the trial court noted in its February 27, 2007, opinion, Michigan courts are reluctant to grant new trials on the basis of recantation testimony, which is traditionally regarded as suspect and untrustworthy.  *Simpson*, No. 90-001928-02, slip op. at 5.  Here, the fact that Hutchinson waited over fifteen years after Petitioner's conviction before recanting and the familial relationship between Petitioner and Hutchinson, weigh heavily against the credibility of Hutchinson's later statements.  Affidavits by witnesses recanting their trial testimony are viewed "with extreme suspicion." *United States v. Willis*, 257 F.3d 636, 645-646 (6th Cir. 2001).

This Court agrees with the trial court–Petitioner has not shown that Hutchinson's later statements establish that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.  *Simpson*, No. 90-001928-02, slip op. at 5.  Moreover, as noted by the trial court, Windon testified extensively at trial about the events that took place on the night in question–that she performed oral sex on Hutchinson.  In light of that testimony that the sexual act occurred, and the untrustworthy nature of Hutchinson's recantation

testimony, it was not unreasonable for the state court to find that Petitioner failed to show that the new evidence would have made a different result probable upon retrial. Thus, the statement does not demonstrate Petitioner's actual innocence.

Here, the Court finds that Petitioner has not presented any new evidence that would raise sufficient doubt about his guilt or that would undermine confidence in the result of his trial. Petitioner has failed to establish that he is entitled to equitable tolling of the one-year limitations period. The Court therefore finds that equitable tolling is not warranted on the basis of Petitioner's claim of actual innocence. Petitioner's petition for writ of habeas corpus was not timely filed and is therefore dismissed.

### IV. Exhaustion; Abeyance

Petitioner has also filed a motion to hold his case in abeyance so that he may return to state court to file yet another motion for relief from judgment on the basis of newly discovered evidence, this time the affidavit of Monique Windon-Black, formerly known as Monique Windon, the complainant in this case.

State prisoners must "fairly present" their claims in each appropriate state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1) and (c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A petitioner "fairly presents" a claim by

> (1) [relying] upon federal cases employing constitutional analysis; (2) [relying] upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. General allegations of the denial of rights to a fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citations omitted). Stay and abeyance

are appropriate only if (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

Petitioner is asking for a stay in this case so that he can return to state court to present newly discovered evidence in the form of the affidavit of Monique Windon-Black, who now claims that Petitioner was not present when she was forced to perform oral sex on Hutchinson. However, the Court finds that Petitioner's request for relief in that regard lacks merit. As the state court noted, "Windon testified extensively at trial about the events that took place on the night in question." *Simpson*, No. 90-001928-02, slip op. at 5. Therefore, it would be an abuse of discretion to stay this case while Petitioner returns to state court and further exhausts state remedies. Moreover, because the Court finds that Petitioner's petition is untimely, it is thus futile for Petitioner to return to state court. Against that backdrop, the Court declines to grant Petitioner's motion to stay this action and to hold his habeas petition in abeyance.

### V. Conclusion

For the above-stated reasons, the Court **GRANTS** Respondent's 'Motion for Summary Judgment." (Dkt. # 8.) The Court finds that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition. Therefore, the Court dismisses Petitioner's petition for writ of habeas corpus with prejudice.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue; an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. There, no appeal is warranted. *Id.*

The Court is satisfied that a reasonable jurist could not find the Court's procedural ruling debatable. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**ACCORDINGLY**,

**IT IS ORDERED** that Respondent's "Motion for Summary Judgment" [dkt. # 8] is **GRANTED**, thereby **DISMISSING** Petitioner's petition for writ of habeas corpus **WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion to hold the case in abeyance is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

DATED: October 29, 2008

                                           **s/Anna Diggs Taylor**
                                           ANNA DIGGS TAYLOR
                                           UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on October 29, 2008.

Brian Simpson, #211493
St. Louis Correctional Facility
8585 N. Croswell Rd.
St. Louis, MI 48880                                   s/Johnetta M. Curry-Williams
                                                                Case Manager